# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **DANNY B HULLABY** | **CIV. ACTION NO. 5:23-01555** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **TALECRIS PLASMA RESOURCES ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

On May 31, 2024, the undersigned notified Plaintiff *pro se* Danny B. Hullaby that, pursuant to Rule 41(b), this Court intended to dismiss the claims brought against any Defendant whom Plaintiff failed to serve by June 10, 2024. [doc. # 7]. That date has passed and Plaintiff has failed to return the requisite service documents to the Clerk of Court.

For the reasons described herein, the undersigned recommends that the case be DISMISSED WITHOUT PREJUDICE.

### Discussion

**I.    Relevant Law**

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). The Supreme Court has interpreted this rule as authorizing district courts to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co*., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

A dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* at 326 (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

## II.  Analysis

On October 26, 2023, Plaintiff filed this Complaint, naming two Defendants:  Talecris Plasma Resources and Talecris Plasma Center.  [doc. #1].  Plaintiff alleges that Defendants obtained information from him, but then denied his donation.  *Id.*

On December 12, 2023, the undersigned granted a motion to have the United States Marshals Service effect service on Defendants.  [doc. #6].  However,  Plaintiff had an obligation, within thirty (30) days, to "furnish one (1) completed USM-285 form for EACH defendant to the Clerk of Court, 300 Fannin Street, Suite 1167, Shreveport, Louisiana 7110."  *Id.*

Plaintiff has not done so.  Therefore, on May 31, 2024, the undersigned issued a Notice of Intent to Dismiss [doc. #7] notifying Plaintiff that this action would be dismissed if he failed to effect service on any Defendant by June 10, 2024, and did not show good cause for that failure.  Plaintiff filed no response and no evidence of service through some other means in response to the Notice of Intent to Dismiss.

Plaintiff has failed to comply with this court's order directing him to effect service. This delay is directly attributable to Plaintiff as he is proceeding *pro se*. The undersigned notes that dismissal of the case may be the least punitive sanction available. As Plaintiff is proceeding *in forma pauperis* in this matter, he likely does not enjoy the financial resources to fund an alternative monetary sanction.[1] Furthermore, Plaintiff is not actively pursuing his cause of action. Dismissal of this case will prevent undue delays in the disposition of pending cases and avoid congestion of the Court's calendar.

Accordingly, it is RECOMMENDED that the case be dismissed without prejudice. [1]

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of Federal Rule of Civil Procedure 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or

---

[1] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[1] A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons,* 77 F.3d 878, 879-80 (5th Cir. 1996). Given Plaintiff's pro se status, the undersigned has recommended dismissal without prejudice. As it is not entirely clear what type of claim Plaintiff asserts, it is unclear what statute of limitations or prescriptive period may apply. It may be, then, that the dismissal operates as a dismissal with prejudice. The undersigned finds, regardless, that no lesser sanction is appropriate or effective based on the circumstances of this case. before dismissing the action. *See id.* at 880,

response or request for extension of time shall be furnished to the District Judge at the time of

filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS
REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL
BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM
ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS
AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 28th day of June, 2024.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE